UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOOP LLC EMPLOYEE'S SAVINGS PLAN** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 17-3671** |
| **BARBARA JEAN B. PRICE et al.** | **SECTION: "G"** |

## ORDER AND REASONS

Pending before the Court is Plaintiff LOOP LLC Employees' Savings Plan (the "Plan") and Claimants Nanresa Bing ("Bing") and Justin Wright's ("Wright") (collectively, the "Moving Parties") unopposed motion for summary judgment.[1] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court will grant the motion.

In this litigation, the Plan filed a complaint-in-interpleader because the Plan alleges it faced uncertainty as to the proper beneficiary of the deceased Joseph L. Barial's ("Mr. Barial") 401(k) account. Mr. Barial was an employee of LOOP, LLC, where he worked until 2009.[2] Mr. Barial participated in the Plan, which included a 401(k) account.[3] The Plan's terms provided that upon the death of a participant, the balance of the 401(k) account would become payable to the primary beneficiaries in the proportions designated by the participant in Mr. Barial's beneficiary designation form.[4] On May 10, 2012, Mr. Barial executed a beneficiary designation form and named Wright as the primary beneficiary and Bing as the alternate beneficiary; however, on the

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 1 at 7.

[3] *Id.*

[4] *Id.* at 8.

1

same form, he allotted 50% of his 401(k) account to each of them.[5] Under the Plan's terms, the naming of a primary beneficiary excludes an alternative beneficiary from receiving any interest in a participant's 401(k) account.[6]

On May 11, 2015, Mr. Barial passed away.[7] At the time of his death, there was $264,867.61 in Mr. Barial's 401(k) account.[8] On November 2, 2016, a judgment of possession was rendered in Mr. Barial's succession in the 24th Judicial District Court for the Parish of Jefferson, which determined that each of Mr. Barial's 37 paternal and maternal first cousins were 1/37th owners of Mr. Barial's movable property.[9] However, the judgment of possession did not mention Mr. Barial's interest in his 401(k) account.[10] The Plan filed the interpleader action with this Court on April 19, 2017.[11] The Plan alleges that it faces uncertainty as to the rightful beneficiary of Mr. Barial's 401(k) account because of the conflicting information contained within Mr. Barial's beneficiary designation form and because of the judgment of possession, which adjudicated each of Mr. Barial's 37 first cousins as 1/37th owner of Mr. Barial's movable property.[12]

On June 7, 2018, a status conference was held, where counsel for Wright and Bing asserted that Mr. Barial's 37 cousins had no legal right to the proceeds of Mr. Barial's 401(k) account; accordingly, the Court ordered the parties to file briefing on whether Mr. Barial's intestate heirs

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 9.

[10] *Id.*

[11] *Id.* at 1.

[12] *Id.*

had a legal right to Mr. Barial's 401(k) account.[13] On June 13, 2018, the Moving Parties[14] filed a memorandum.[15] On July 17, 2018, the Court converted the memorandum into a motion for summary judgment,[16] upon a motion from the Moving Parties.[17] In the motion for summary judgment, the Moving Parties argue that Mr. Barial's 37 cousins do not have a claim to the proceeds from Mr. Barial's account as intestate heirs and should therefore be dismissed as claimants in this interpleader action.[18]

In the motion, the Moving Parties argue that the law governing the distribution of 401(k) proceeds upon a person's death is codified in Louisiana Revised Statute § 9:2449, which provides that any benefits payable due to death from an individual retirement account ("IRA"), which complies with 26 U.S.C. § 408, shall be paid out as provided in the designated beneficiary form, regardless of whether the decedent had designated a beneficiary in his last will and testament.[19] Therefore, the Moving Parties assert that under Louisiana law, Mr. Barial's intestate heirs can only have an interest in the 401(k) proceeds if they were selected as a designated beneficiary of the account.[20] Accordingly, the Moving Parties conclude that the statute's "explicit recognition that a

---

[13] Rec. Doc. 105.

[14] The Plan stresses that "opinion or argument regarding any of the defendants' rights to the proceeds of Mr. Barial's 401(k) account and initiated his interpleader suit so that the Court may resolve the claims of the competing claimants and the Court may properly distribute the proceeds of Mr. Barial's account. The Plan submits this memorandum in conjunction with Ms. Bing and Mr. Wright out of abundance of caution and in order to obey this Court's Order."

[15] Rec. Doc. 108.

[16] Rec. Doc. 119.

[17] Rec. Doc. 116

[18] Rec. Doc. 108.

[19] *Id.* at 2–7.

[20] *Id.* at 3.

beneficiary designation in an individual retirement account agreement overrides a contrary designation in a last will and testament, *a fortiori* indicates that a beneficiary designation in an individual retirement account agreement would override any beneficiary intestate succession law would mandate in the absence of a valid last will and testament."[21]

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[22] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[23] On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[24] Where the non-moving party bears the burden of proof at trial, as here, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[25] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports her claims.[26]

The designation of beneficiaries for individual retirement accounts, such as 401(k) accounts, is governed by Louisiana Revised Statute § 9:2449, which states:

---

[21] *Id.* at 4.

[22] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[23] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[24] *Celotex,* 477 U.S. at 323.

[25] *Id.* at 325.

[26] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

4

> A. Any benefits payable by reason of death from an individual retirement account established in accordance with the provisions of 26 U.S.C. 408, as amended, shall be paid as provided in the individual retirement account agreement to the designated beneficiary of the account. Such payment shall be a valid and sufficient release and discharge of the account holder for the payment or delivery so made and shall relieve the trustee, custodian, insurance company or other account fiduciary from all adverse claims thereto by a person claiming as surviving or former spouse or a successor to such a spouse.

In addition to the clear language of the statute, Louisiana courts have repeatedly recognized the exclusive right of the beneficiaries to the proceeds of an individual retirement account following the death of the decedent.[27]

Here, the Moving Parties present evidence showing that the only claimants listed as beneficiaries on Mr. Barial's designation form are Bing and Wright and that the intestate heirs, Mr. Barial's 37 cousins, are not listed on this form0. The Moving Parties have accurately set forth the applicable law and identified portions of the record that demonstrate the absence of any genuine issues of material fact. None of the claimants have filed an opposition to the pending motion. Therefore, because no other claimants have come forward with evidence to show that any of the intestate heirs were listed as beneficiaries on Mr. Barial's designation form and the Moving Parties have pointed to the beneficiary form which lists Bing and Wright as the only beneficiaries to Mr. Barial's 401(k) account, there are no material facts at issue and the Court finds that the Moving Parties' motion has merit.

Accordingly,

---

[27] *See, e.g., In re Succession of Flanigan,* 961 So. 2d 541, 542 (La. App. 4 Cir. 6/13/07) (reaffirming that Louisiana Revised Statute § 9:2449 strictly designates the named beneficiary of an I.R.A. as the recipient of its benefits); *Minvielle v. Dupuy,* 638 So. 2d 1186, 1187 (La. App. 1st Cir. 1994) (recognizing that the contractual beneficiary acquires an ownership right to the proceeds by virtue of the contract); *Succession of Egan,* 543 So. 2d 940, 941 (La. App. 5th Cir. 1989) (noting that a decedent's I.R.A. was to be excluded from the descriptive list of his succession assets). The only exception to this rule is if the disbursement of the IRA account funds to the named beneficiary impinges on the legitime of a forced heir or the community property rights of a spouse. Neither of these are applicable in the instant case.

**IT IS HEREBY ORDERED** that the Moving Parties' Motion for Summary Judgment is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this  29th  day of August, 2018.

                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**