UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOOP LLC EMPLOYEE'S SAVINGS PLAN | CIVIL ACTION |
| VERSUS | NO. 17-3671 |
| BARBARA JEAN B. PRICE et al. | SECTION: "G" |

# ORDER

In this litigation, Plaintiff LOOP LLC Employees' Savings Plan (the "Plan") filed a complaint-in-interpleader because the Plan alleges it faced uncertainty as to the proper beneficiary of a deceased employee's 401(k) account.[1] In the instant motion, the Plan seeks to deposit the 401(k) funds at issue into the registry of this Court, requests to be dismissed from the instant case and discharged from any and all liability relating to the 401(k) account, and seeks an injunction that enjoins any and all claimants from initiating any action against the Plan relating to the 401(k) account.[2] Having considered the motion, the memoranda in support and in response, the record, and the applicable law, the Court will grant the motion.

## I. Background

The following facts, as laid out by the Plan in the complaint, are uncontested. Joseph L. Barial ("Mr. Barial") was an employee of LOOP, LLC, where he worked until 2009.[3] Mr. Barial participated in the Plan, which included a 401(k) account.[4] The Plan's terms provided that upon

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 100.

[3] Rec. Doc. 1 at 7.

[4] *Id.*

1

the death of a participant, the balance of the 401(k) account would become payable to the primary beneficiaries in the proportions designated by the participant in Mr. Barial's beneficiary designation form.[5] On May 10, 2012, Mr. Barial executed a beneficiary designation form and named Justin Wright as the primary beneficiary and Nanresa Bing as the alternate beneficiary; however, on the same form, he allotted 50% of his 401(k) account to each of them.[6] Under the Plan's terms, the naming of a primary beneficiary excludes an alternative beneficiary from receiving any interest in a participant's 401(k) account.[7]

On May 11, 2015, Mr. Barial passed away.[8] At the time of his death, there was $264,867.61 in Mr. Barial's 401(k) account.[9] On November 2, 2016, a judgment of possession was rendered in Mr. Barial's succession in the 24th Judicial District Court for the Parish of Jefferson, which determined that each of Mr. Barial's 37 paternal and maternal first cousins were 1/37th owners of Mr. Barial's movable property.[10] However, the judgment of possession did not mention Mr. Barial's interest in his 401(k) account.[11]

The Plan filed the interpleader action with this Court on April 19, 2017.[12] The Plan alleges that it faces uncertainty as to the rightful beneficiary of Mr. Barial's 401(k) account because of the conflicting information contained within Mr. Barial's beneficiary designation form and because of

---

[5] *Id.* at 8.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 9.

[11] *Id.*

[12] *Id.* at 1.

the judgment of possession, which adjudicated each of Mr. Barial's 37 first cousins as 1/37th owner of Mr. Barial's movable property.[13]

On May 8, 2018, the Plan filed the instant "Motion to Deposit 401(k) Funds into the Registry of the Court, Request for Discharge and Dismissal, and Request for Injunction."[14] The motion was noticed for submission on June 6, 2018. One claimant, Amy Maxine Love, filed a response to the motion, but does not appear to oppose the requested relief.[15] Furthermore, Ms. Love was dismissed as a claimant by order of this Court on August 29, 2018.[16] District courts may grant unopposed motions, provided that the court finds the motion to have merit.[17]

## II. Parties' Arguments

In the motion, the Plan alleges that it filed the interpleader action because upon Mr. Barial's death, the Plan was unsure as to the rightful beneficiary of Mr. Barial's 401(k) account.[18] The Plan contends that it was uncertain as to the correct beneficiary because of the contradictory information contained within the beneficiary designation form and the judgment of possession, which distributed Mr. Barial's moveable property equally among his 37 maternal and paternal cousins.[19] The Plan asserts that the judgment of possession places the competing claimants into possession

---

[13] *Id.*

[14] Rec. Doc. 100.

[15] Rec. Doc. 101. In her response, Amy Maxine Love notes that she would have been able to file a more thorough answer to the complaint if she had received a copy of the Mr. Barial's beneficiary form with the complaint. *Id.* at 2. Love also states that it appears as if Mr. Barial intended that upon his death, his 401(k) account would be evenly distributed between Justin Wright and Nanresa Bing. *Id.* Love continues that if the Court decides to consider the judgment of possession, then Love trusts the Court to make a fair and equitable judgment. *Id.*

[16] Rec. Doc. 129.

[17] *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[18] Rec. Doc. 100-1 at 1.

[19] *Id.* at 1–2.

of Mr. Barial's moveable property, but it does not reference his 401(k) account, which contains its own mechanisms for payment upon the death of a participant.[20] The Plan asserts that if it were to attempt to ascertain Mr. Barial's intent, it could open the Plan up to duplicative liability or a potential lawsuit from competing claimants.[21]

The Plan claims to be a disinterested stakeholder with no interest in the controversy between the potential claimants.[22] The Plan seeks leave to deposit the full amount of Mr. Barial's 401(k) account into the Court's registry; a dismissal from this lawsuit, discharging the Plan from any liability relating to the 401(k) account; and an injunction, enjoining any claimants from initiating any action against the Plan relating to the 401(k) account.[23]

### III. Law and Analysis

Before a court can determine whether to discharge an interpleader or whether to enjoin claimants from filing any claims against the interpleader related to the interpleader funds, a court must first determine whether the requirements for maintaining an interpleader action have been met.[24] There are two types of interpleader actions: rule interpleader, governed by Federal Rule of Civil Procedure Rule 22, and statutory interpleader, governed by 28 U.S.C. § 1335.[25] "28 U.S.C. § 1335 grants a district court jurisdiction over an interpleader action if: 1) the plaintiff files an action concerning an amount of $500 or more; 2) the plaintiff deposits the funds at issue into the

---

[20] *Id.* at 3.

[21] *Id.*

[22] *Id.* at 4.

[23] *Id.* at 5.

[24] *Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 192 (5th Cir. 2015).

[25] *Id.*

4

registry of the court; 3) two or more adverse claimants claim or may claim to be entitled to the funds; and 4) those claimants are minimally diverse."[26]

None of the claimants dispute that the requirements for statutory interpleader have been met. First, the amount in dispute in this litigation far exceeds $500, as at the time of Mr. Barial's death, Mr. Barial's 401(k) account was valued at $264,867.61. Second, the Plan is seeking to deposit the funds into the registry of the Court. Third, more than two adverse claimants claim to be entitled to the funds at issue as two claimants could be beneficiaries to the 401(k) account per the beneficiary designation form and thirty-seven claimants may be entitled to the 401(k) account per the state court judgment of possession.

Fourth, and last, the claimants must be minimally diverse. In the complaint for interpleader, the Plan argues that this requirement has been met because the Plan is a citizen of Louisiana and "upon information and belief" the claimants are all citizens of Mississippi.[27] However, the Plan's citizenship is not relevant as it is not a claimant:

> Diversity of citizenship for a statutory interpleader proceeding, on the other hand, is measured in terms of the citizenship of the parties to be interpleaded, with the diversity being minimal, so that as long as any two of the claimants are of diverse citizenship, the required diversity will be present, and the citizenship of the party seeking interpleader will be irrelevant.[28]

Citizenship of a natural person is determined by an individual's domicile.[29] To determine a litigant's domicile, courts consider many factors including "where the litigant exercises civil and

---

[26] *Id.* at 192–93.

[27] Rec. Doc. 1.

[28] 19 A.L.R. Fed. 166 (Originally published in 1974) (updated May 2018) (section 2b cumulative supplement) ("Diversity of citizenship for a statutory interpleader proceeding, on the other hand, is measured in terms of the citizenship of the parties to be interpleaded, with the diversity being minimal, so that as long as any two of the claimants are of diverse citizenship, the required diversity will be present, and the citizenship of the party seeking interpleader will be irrelevant.").

[29] *Preston v. Tenent Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 797 (5th Cir. 2007).

5

political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[30] The court should consider where the litigant claims to be domiciled, but his assertion is "entitled to little weight if it conflicts with the objective facts."[31] Several of the claimants have asserted their citizenships in their answers. Claimant Amy Maxine Love asserts that she is not a citizen of Mississippi because she lives and have always lived in the state of Pennsylvania.[32] In addition, Evelyn Maria Barial Creer asserts that she is a citizen of California, where she currently lives.[33] Claimant Nanresa Bing admits in her answer that she is a citizen of Mississippi.[34] Therefore, at the time of filing of this action, the claimants were minimally diverse. As such, because the three other statutory requirements have been met, the Court will grant the Plan's request for leave to deposit the funds at issue into the Court registry.

Because the statutory requirements for maintaining an action for interpleader have been met, the Court will turn to whether the Plan should be discharged and dismissed from this action. "A district court has broad powers in an interpleader action."[35] "[I]nterpleader statutes and rules are liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability."[36] In an interpleader action, the district court "may discharge

---

[30] *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).

[31] *Id.*

[32] Rec. Doc. 54.

[33] Rec. Doc. 56.

[34] Rec. Doc. 57.

[35] *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999).

[36] *In re Bohart*, 743 F.2d 313, 325 (5th Cir. 1984).

6

the plaintiff from further liability," if the interpleader is deemed a disinterested stakeholder.[37] A disinterested stakeholder is one "who has in his possession funds or property belonging to one of various claimants thereto, who has no personal interest in such funds or property, and who stands indifferent as to their disposition."[38] As the Fifth Circuit has explained, a disinterested stakeholder who is willing to tender the disputed funds "is not to be obliged to be at the expense and risk of defending an action; but, on giving up the thing . . . .he is to be relieved, and the Court directs that the persons between whom the dispute really exists shall fight it out at their own expense."[39]

Here, no claimant disputes that the Plan is a disinterested stakeholder. The Plan seeks to deposit the entirety of the 401(k) account into the Court registry, the Plan has disavowed any interest in the proceeds, and there are no claims pending against the Plan. Accordingly, the Court will dismiss the Plan from this action upon the Plan's deposit of the funds into the registry of this Court and discharge the Plan from liability relating to the 401(k) account.

Title 28 U.S.C. § 2361 "authorizes a district court to issue a permanent injunction in an interpleader action when it discharges a plaintiff from further liability," thus "enabling 'the plaintiff-stakeholder to avoid the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing.'"[40] The Fifth Circuit

---

[37] 28 U.S.C. § 2361; Wright, Miller & Kane, *Nature and Purpose of Interpleader*, 7 Fed. Prac. & Proc. Civ. § 1714 (3d ed.).

[38] 48 A.L.R.2d 190 (Originally published in 1956) (updated May 2018); *see also Lexington Ins. Co. v. Guidos*, No. CIV.A. 11-644, 2011 WL 3819664, at *1 (E.D. La. Aug. 29, 2011); *New York Life Ins. Co. v. Deshotel*, No. CIV.A. 94-3278, 1995 WL 529838, at *2 (E.D. La. Sept. 7, 1995).

[39] *Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006) (quoting Wright, Miller & Kane, *Nature and Purpose of Interpleader*, 7 Fed. Prac. & Proc. Civ. § 1702 (3d ed.)).

[40] *Auto Parts*, 782 F.3d at 191–92.

has explained that a permanent injunction "is necessary to give meaning to the plaintiff's discharge and to encourage interpleader actions."[41]

Pursuant to 28 U.S.C. § 2361, and consistent with the purposes and goals of the federal interpleader statute and because there are no claims against the Plan, the Court will grant a permanent injunction, enjoining any claimants from filing suit against the Plan related to Mr. Barial's 401(k) account.

### **IV. Conclusion**

For the foregoing reasons, the Court finds that it has jurisdiction over the statutory interpleader action and that the interpleader action is proper. In addition, the Court finds that the Plan is entitled to be dismissed with prejudice from the case following the deposit of funds into the Court's registry. Last, the Court finds that the entry of a permanent injunction against the claimants, enjoining any and all claimants from filing any additional actions against the Plan regarding Mr. Barial's 401(k) account, is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the LOOP Employees' Savings Plan (the "Plan") **IS GRANTED LEAVE** to deposit the 401(k) funds into the registry of the Court. Upon receipt of funds, the Clerk of Court is **DIRECTED** to **DEPOSIT** such funds into in an interest-bearing account.

**IT IS FURTHER ORDERED** that upon deposit of those funds, the Plan is **DISMISSED WITH PREJUDICE** from this action and **DISCHARGED** from further liability relating to the 401(k) account.

---

[41] *Id.* at 192.

**IT IS FURTHER ORDERED** that all claimants are permanently enjoined from instituting or prosecuting any proceedings against the Plan relating to the 401(k) account. Said injunction shall issue without a bond or surety.

New Orleans, Louisiana, this 29th day of August, 2018.

                                            **NANNETTE JOLIVETTE BROWN**
                                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**